UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 10-20308

v.

BRADFORD DUANE JOHNSON
_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.     Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX     (1)     The Government moved for detention at the Defendant's first appearance pursuant to:

   XX     18 U.S.C. § 3142(f)(1).

   __     18 U.S.C. § 3142(f)(2).

__     (2)     A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.     Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__     (1)     The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

\_\_ (2) The offense described in finding was committed while the Defendant was on release pending trial for a federal, state or local offense.

\_\_ (3) A period of less than five years has elapsed since

    \_\_ the date of conviction, **or**

    \_\_ the Defendant's release from prison for the offense described in finding (B)(1).

\_\_ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C. Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

    \_\_ for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

    \_\_ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

    \_\_ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

    \_\_ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

    \_\_ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

    \_\_ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

---

[1]Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**D.     Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__     (1)     There is a serious risk that the Defendant will not appear.

__     (2)     There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

__     by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

XX     by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

__     both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(l):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and none of the presumptions in favor of detention apply, the Court must consider the Government's motion under the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the Defendant is charged with felon in possession of firearms. I find that from the grand jury having returned an indictment, there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is 21 years of age, single, and a lifelong resident of Flint.  At his initial interview, the Defendant told the Pretrial Services Officer that he had resided at an address on Trumbull Drive in Flint with his parents for the past 18 months.  The Defendant's mother informed Pretrial Services, however, that she had not heard from the Defendant in a long time and that the Defendant had not resided with her for years.  The Defendant's mother stated that she had no knowledge were the Defendant was residing.  Defense counsel proffered that this was the Defendant's mailing address.  The Defendant has been unemployed for the past two years.  He had previously worked as a for a maintenance and janitorial company for approximately 18 months.  The Defendant has a GED.  Although mentioned by neither counsel, the Pretrial Services Officer reports that the Defendant conceded to him that he smoked marijuana on a daily basis the last four years and also used cocaine once or twice a week for the past year.  Preliminary drug screening tests were positive for both marijuana and cocaine.

In 2003, at age 14, the Defendant was convicted of misdemeanor breaking and entering a motor vehicle.  He was sentenced to probation.  Defendant violated that probation and pled guilty in March 2005 to probation violation.  In June 2006, at age 17, the Defendant pled guilty to resisting arrest.  He was sentenced to a brief period of incarceration.  Pretrial Services notes that the Defendant failed to appear for his arraignment, and a bench warrant was issued.  The Defendant then fail to appear for his pretrial conference.  Ultimately the Defendant was arraigned on a date two years after he was originally charged.   At the same time the Defendant was arraigned on the earlier resisting arrest charged, he charged with possession of marijuana and pled guilty to that charge.  He was sentenced to a brief period of incarceration.  In 2009, at age 20, Defendant was charged with multiple offenses, primarily fleeting fleeing and eluding police. Defendant pled guilty to these charges and was placed on two years of probation as well as 90 incarceration.  Records developed by Pretrial Services

indicate that prior to his conviction, a bench warrant was issued for the Defendant's failure to appear at his arraignment. The Defendant was then charged with contempt of court. He pled guilty and was sentenced to 30 days incarceration. After his release, a second bench warrant was issued for probation violation, to which the Defendant pled guilty and he was sentenced to 180 days in jail with credit for 77 days served.

Counsel for the Defendant proffers that the Defendant's mother could serve as a third-party custodian and Defendant could be tethered to her address. In light of what can only be described as a distant relationship between the Defendant and his mother, I conclude that the Defendant's mother cannot properly be considered an appropriate candidate for third-party custodianship under the Bail Reform Act. In light of the Defendant's history of drug use as well as his consistent history of failures to appear on charges much less serious than those made in this Indictment, I conclude that there are no conditions nor any combination of conditions which would reasonably assure the Defendants appearance as required. Accordingly, the Government's motion to detain is granted.

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

Dated: July 9, 2010

s/ Charles E Binder
CHARLES E. BINDER
United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Nancy Abraham and Glenn Simmington, and served on District Judge Cox, Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: July 9, 2010    By    s/Jean L. Broucek
Case Manager to Magistrate Judge Binder